# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BURRUEL, III, <br><br> Plaintiff, <br><br> v. <br><br> PAM AHLIN, et al., <br><br> Defendants. | Case No. 1:18-cv-00103-LJO-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER <br><br> (ECF No. 11) <br><br> OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Manuel Burruel, III, a civil detainee, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint in this action on January 22, 2018 which was screened by the magistrate judge on March 8, 2018. (ECF Nos. 1, 11.) The screening order provided that Plaintiff was to either file an amended complaint or notify the court that he was willing to proceed on those claims to be cognizable within thirty days. (ECF No. 11.)

Plaintiff filed a request for a ninety-day extension of time which was granted in part on April 4, 2018. (ECF No. 14.) The April 4, 2018 order required Plaintiff to file his amended complaint or notification that he was willing to proceed on the cognizable claims within thirty days. (ECF No. 14.) More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the April 4, 2018 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or

1

with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint or notice that he was willing to proceed on the cognizable claims within thirty days of April 4, 2018. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint or proceed on the claims found to be cognizable. Plaintiff has neither filed an amended complaint, notified the Court that he wants to proceed on the cognizable claims, nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and

indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Here, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's March 8, 2018 order requiring Plaintiff to file an amended complaint or notification of willingness to proceed expressly stated: "If Plaintiff fails to comply with this order, the undersigned will recommend the action be dismissed for failure to obey a court order and failure to prosecute." (ECF No. 11 at 20:8-10.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order and his failure to state a claim.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure comply with the April 4, 2018 order and failure to prosecute.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th

Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 21, 2018**

_____
UNITED STATES MAGISTRATE JUDGE