# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL BURRUEL, III, <br><br> Plaintiff, <br><br> v. <br><br> PAM AHLIN, et al., <br><br> Defendants. | Case No. 1:18-cv-00103-LJO-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND <br><br> (ECF No. 24) <br><br> OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Manuel Burruel, III, a civil detainee, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 8, 2018, Plaintiff's complaint was screened and he was ordered to either file an amended complaint or notify the Court that he wished to proceed on the claims found to be cognizable. (ECF No. 11.) On June 11, 2018, Plaintiff filed a first amended complaint that was screened and it was found that Plaintiff failed to state any cognizable claims. (ECF Nos. 17, 19.) Plaintiff was ordered to file a second amended complaint. (ECF No. 19.) Currently before the Court is Plaintiff's second amended complaint, filed on September 27, 2018. (ECF No. 24.)

/ / /

/ / /

/ / /

1

# I.

# SCREENING STANDARD

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable

conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## ALLEGATIONS IN SECOND AMENDED COMPLAINT

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") committed as a sexually violent predator ("SVP") under California's Sexually Violent Predator Act ("SVPA"), California Welfare and Institutions Code, section 6600 et seq. Plaintiff brings this action against Pam Ahlin, Direction of the California Director of State Hospitals; Brandon Price, Executive Director of CSH; and Jack Carter, Chief of the Department of Police Services at CSH.

On December 22, 2017, Defendants Ahlin and Price amended Title 9 of the California Code of Regulations because individuals housed at CSH were caught with and prosecuted for possession of child pornography. The amendment to the regulation was passed on January 12, 2018, and has resulted in Plaintiff's property being seized. Plaintiff had a $4,000.00 Dell computer, hard drive and two thumb drives. These storage devices contained nearly all of Plaintiff's legal material, poems, songs, short stories, a novel, and digital art. Although Plaintiff did not engage in any illegal activity his property was seized. Plaintiff contends that the policy subjects him to unreasonable search and seizure, and equal protection and due process violations under the Fourth, Fifth, and Fourteenth Amendments.

The Patient's Rights documents posted in each unit at CSH states that the Non-Lanterman-Petris-Short Act rights apply to all patients placed or committed to a treatment program in a Department of Mental Health facility. This statement of rights states that patients have the right to keep and use personal possessions as space permits except for items that are listed as contraband at the facility. Plaintiff contends that he has an established right to keep and use his Dell computer and other electronic storage devices that were not listed as contraband when he purchased them.

Defendant Carter and the police officers under his authority have taken an oath to uphold and defend the Constitution. Staff members at CSH have been caught bringing contraband into the facility, but staff members or other residents of California have not been told that they cannot own or possess digital storage devices. Plaintiff alleges that Defendant Carter and his officers are not acting in accord with their oath to uphold the Constitution and are failing to protect Plaintiff and

1 others similarly situated.

Defendants Ahlin, Price, and Carter are all mandatory reporters and must report patient abuse even if such abuse is at the hands of their superiors. Staff and officers are refusing to report Plaintiff's claims of abuse regarding the unconstitutional seizure of his property. Staff and officers have not been properly trained to report alleged abuse at the hands of the defendants.

Plaintiff contends that the amendment to section 4350 was predicated on the commission of crimes which are dealt with by punishment and the punishment has been exacted onto persons who's right to ownership and possession of property has been extinguished.

The Department of Police Services has rooted out a nest of criminals who engage in possession and exchange of child pornography. The goal of removing the tainted property from the institution has been accomplished as it was removed along with them. Plaintiff contends that section 4350 is nothing more than punishment applied to Plaintiff and is expressly intended to punish. Plaintiff states that the breach of contract, unreasonable seizure of property, denial of access to the court by seizure of his legal material violated his rights and constituted due process violations under the Fourth and Fourteenth Amendments.

Plaintiff seeks a declaration that his rights have been violated, injunctive relief, and monetary damages. For the reasons discussed below, Plaintiff has failed to state a cognizable claim.

## III.

## DISCUSSION

### A. Fourth Amendment

Liberally construing the complaint, Erickson, 551 U.S. at 94, Plaintiff alleges the seizure of his property violated his rights under the Fourth Amendment. The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. The Fourth Amendment prohibition against unreasonable search and seizure extends to incarcerated prisoners and civil detainees. Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1997) (prisoners); Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007), cert. granted, judgment vacated, 556 U.S. 1256 (2009) (civil detainees). However, "the reasonableness of a particular search is determined by reference to the

prison context." Hydrick, 500 F.3d at 993 (quoting Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir.1988)). Confinement in a state institution raises concerns similar to those raised by housing pretrial detainees, such as "the safety and security of guards and others in the facility, order within the facility and the efficiency of the facility's operations." Hydrick, 550 F.3d at 993 (quoting Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001)).

For the Fourth Amendment to apply, there must be a reasonable expectation of privacy in the place that is invaded. Espinosa v. City & Cty. of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010). "The contours of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are unclear, but assuming Plaintiff retains any reasonable expectation of privacy at all in his living area at CSH, it would necessarily be of a diminished scope given Plaintiff's civil confinement." Warrior v. Santiago, No. 116CV01504AWIGSAPC, 2018 WL 827616, at *4 (E.D. Cal. Feb. 12, 2018) (collecting cases). Although Plaintiff is not a convicted criminal, "he is involuntarily serving a civil commitment term at a secure facility; and he is not a free individual with a full panoply of rights." Ryan v. Siqueiros, No. 1:15-CV-01152 DLB PC, 2016 WL 2898450, at *2 (E.D. Cal. May 18, 2016). Although civil detainees are entitled to more considerate treatment and conditions of confinement than prisoners, Youngberg v. Romeo, 457 U.S. 307, 322 (1982), maintaining facility security and effectively managing the institution are unquestionably legitimate, non-punitive government interests, Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004).

Plaintiff's computer and memory devices were confiscated pursuant to section 4350 which prohibits certain types of electronic devices and items. As amended, Section 4350(a) provides in relevant part that "patients are prohibited from having personal access to, possession, or on-site storage of the following items: . . . "Desktop computers; laptop computers; . . . Universal Serial Bus (USB) devices, also known as flash drives or thumb drives[;] "Hard drives, subscriber identity module (SIM) cards, secure digital (SD) drives or cards, micro-secure digital drives or cards (MicroSD), compact flash drives, secure digital high capacity (SDHC), secure digital extended capacity (SHXC), and other similar insertable memory devices. . . ." Cal. Code Regs. tit. 9, § 4350(a).

Plaintiff's property was seized because it has been determined to be contraband under section 4350. Accordingly, Plaintiff cannot state a cognizable claim that seizure of the property violates his

rights under the Fourth Amendment.

## B. Access to Courts

Plaintiff also alleges that due to the seizure of his computer he has been denied access to the court. The Constitution guarantees detained people, including civil detainees, meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977) (prisoners); Hydrick, 500 F.3d at 990 (civil detainees); Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) ("right of access [to the courts] is guaranteed to people institutionalized in a state mental hospital.) Detainees and prisoners have the right to pursue claims that have a reasonable basis in law or fact without active interference by prison officials. See Silva v. Di Vittorio, 658 F.3d 1090, 1103-04 (9th Cir. 2011) (finding that repeatedly transferring the plaintiff to different prisons and seizing and withholding all his legal files constituted active interference) overruled on other grounds by Coleman v. Tollefson, 135 S.Ct. 1759 (2015); see also Jones, 393 F.3d at 936 (applying this standard to a detainee awaiting civil commitment proceedings). This forbids state actors from erecting barriers that impede the right of access to the courts of incarcerated persons. Silva, 658 F.3d at 1102 (internal quotations omitted). However, to state a colorable claim for denial of access to the courts, Plaintiff must allege that he suffered an actual injury in the pursuit of the litigation of direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 351 (1996). "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989) overruled on other grounds by Lewis, 518 U.S. at 350.

Plaintiff alleges that his legal material has been confiscated, but the complaint is devoid of any allegations that he has suffered an actual injury in the pursuit of litigation of direct criminal appeals, habeas petitions, or a civil rights action. Lewis, 518 U.S. at 351. Plaintiff has failed to state a cognizable claim for denial of access to court.

## C. Due Process[1]

### 1. Substantive Due Process

"[T]he due process clause includes a substantive component which guards against arbitrary

---

[1] Plaintiff alleges due process claims under the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since all Defendants in this action are state employees the Fifth Amendment does not apply.

6

and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." Halverson v. Skagit Cty., 42 F.3d 1257, 1261 (9th Cir. 1994), as amended on denial of reh'g (Feb. 9, 1995) (quoting Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1407 (9th Cir.1989)). In determining whether conditions of confinement of civilly committed individuals violate the constitution, courts look to the substantive due process clause of the Fourteenth Amendment. Youngberg, 457 U.S. at 321-22; Jones, 393 F.3d at 931-34. States are thus required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," and to provide "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000) (citations omitted).

Although civilly detained persons must be afforded more considerate treatment and conditions of confinement than criminals, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners to establish a floor for the constitutional rights of persons detained under a civil commitment scheme, Padilla v. Yoo, 678 F.3d 748, 759 (9th Cir. 2012) (citing Hydrick, 500 F.3d at 989, and may borrow Eighth Amendment standards to do so, Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir. 1991), abrogated on other grounds by 511 U.S. 825 (1994). But the conditions under which civil detainees are held cannot be more harsh than those under which prisoners are detained except where the statute itself creates a relevant difference. Hydrick, 500 F.3d at 989 n.7.

The Due Process Clause requires that the nature and duration of the civil commitment must bear some reasonable relation to the purpose for which the individual is committed. Jones, 393 F.3d at 931. However, civilly detained individuals can be subject to restrictions that have a legitimate, non-punitive government purpose and that do not appear to be excessive in relation to that purpose. Bell v. Wolfish, 441 U.S. 520, 535 (1979). "A reasonable relationship between the governmental interest and the challenged restriction does not require an exact fit, nor does it require showing a 'least restrictive alternative.'" Valdez v. Rosenbalm, 302 F.3d 1039, 1046 (9th Cir. 2002) (citations omitted). The only question is whether the defendants might reasonably have thought that the policy

would advance its interests. Valdez, 302 F.3d at 1046.

Under Ninth Circuit precedent, "a restriction is 'punitive' where it is intended to punish, or where it is 'excessive in relation to [its non-punitive] purpose,' or is 'employed to achieve objectives that could be accomplished in so many alternative and less harsh methods[.]" Jones, 393 F.3d at 934 (citations omitted). "[A] presumption of punitive conditions arises where the individual is detained under conditions identical to, similar to, or more restrictive than those under which pretrial criminal detainees are held, or where the individual is detained under conditions more restrictive than those he or she would face upon commitment." Id. This presumption can be rebutted by the defendants explaining a legitimate, non-punitive purpose for the conditions imposed. Id.

Plaintiff's conclusory allegations that section 4350 was intended as punishment is not required to be accepted as true. Iqbal, 556 U.S. at 678. Plaintiff's complaint is devoid of any factual allegations by which the Court can reasonably infer the amendment to section 4350 was punitive in nature, rather than a legitimate attempt to address the continuing problem of contraband being introduced into and distributed within CSH. Plaintiff has failed to state a cognizable substantive due process claim.

2.   Procedural Due Process

Plaintiff alleges that his computer and memory devices were seized without due process. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan, 455 U.S. at 436; Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985) see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir.1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

In the institutional setting, the procedural due process clause is violated only when an agency "prescribes and enforces forfeitures of property '[w]ithout underlying [statutory] authority and competent procedural protections.' Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011).) "Where the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." Halverson, 42 F.3d at 1260.

Section 4350 does not target Plaintiff or his property, but applies to all individuals that are detained in the DSH. "[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and hearing; general notice as provided by law is sufficient." Halverson, 42 F.3d at 1260. DSH provided notice and an opportunity to comment prior to amending section 4350. See http://www.dsh.ca.gov/Publications/docs/Regulations/2017_12_22/NoticeRevisionElectronicPatientProperty.pdf. Here, Plaintiff has received the process due to implement the amendment to the regulation. Therefore, Plaintiff fails to state a procedural due process claim based on the confiscation of property pursuant to amended section 4350.

**D.     Equal Protection**

Plaintiff also alleges that his right to equal protection is violated contending that staff members at CSH have been caught bringing child pornography into the facility, yet they or other residents of Coalinga or the State of California have not been told they cannot possess digital storage devices. Prisoners and detainees are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination. Wolff, 418 U.S. at 556; Turner, 482 U.S. at 84; Bell, 441 U.S. at 545. There are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the

difference in treatment. <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (2005); <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).

SVPs are not a protected class, so in order to state a claim, Plaintiff would be required to show that he was treated differently than similarly situated individuals. "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. . .." <u>Taylor v. San Diego Cty.</u>, 800 F.3d 1164, 1169 (9th Cir. 2015). Here, Plaintiff alleges that SVPs are being treated differently than staff members and residents of Coalinga and the State of California. However, the Ninth Circuit has held that SVPs are not similarly situated to other civilly confined individuals because they represent a greater danger. <u>Taylor</u>, 800 F.3d at 1170-71. Plaintiff alleges that he is being treated differently than staff members at CSH and residents of Coalinga and California. However, Plaintiff is not similarly situated to either of these groups as he has been committed as a SVP. Plaintiff fails to state a cognizable equal protection claim.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's second amended complaint does not state any cognizable claims for a violation of his federal rights. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint fails to correct the deficiencies identified in the prior screening orders. Based upon the allegations in Plaintiff's original,[2] first and second amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would correct the deficiencies identified, and further amendment would be futile. See <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. <u>Lopez</u>, 203 F.3d at 1130 (9th. Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446-1449 (9th Cir. 1987).

---

[2] Although the magistrate judge assigned to this action found that Plaintiff's original complaint stated a cognizable claim, this Court respectfully disagrees. The analysis in the March 8, 2018 screening order went beyond the allegations that were contained in Plaintiff's complaint. The liberal standards that apply to civil rights complaints may not supply essential elements of the claim that were not pled. <u>Chapman v. Pier One Imports (U.S.), Inc.</u>, 631 F.3d 939, 955 (9th Cir. 2011). Plaintiff's original complaint is substantially similar to the second amended complaint and failed to state a claim for the same reasons that the second amended complaint failed to state a claim.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's second amended complaint be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 3, 2018**

_____
UNITED STATES MAGISTRATE JUDGE